961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles R. SMALL, Petitioner-Appellant,
v.
Frank GUNTER and Gale A. Norton, Attorney General of the
State of Colorado, Respondents-Appellees.
 No. 91-1421.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this panel. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Charles Small, a state prisoner, appeals the dismissal of his petition for a writ of habeas corpus. He contends that he was denied his constitutional right to confrontation when the state failed to produce a witness who participated in the case as an undercover informant. The district court dismissed the petition for failure to exhaust state remedies after a magistrate judge examined Mr. Small's state appellate briefs and discovered the constitutional issue had not been raised.
 
 
 3
 Although the state public defender argued the state failed to follow proper procedure to insure the presence of the so-called informant, counsel did not contend the absence of the witness denied Mr. Small his right of confrontation. Thus, the district court held he had not exhausted state remedy to raise that issue. We agree and AFFIRM on the basis of the reasoning set forth in the recommendation of the magistrate judge.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3